# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| GREG MICHAEL ZUMBACH, ) | |
| PEGGY ANN ZUMBACH ) | |
| ) | Bankruptcy No. 12-00787 |
| Debtors. ) | |

## MEMORANDUM AND ORDER RE MOTION TO APPROVE COMPROMISE AND SETTING STATUS CONFERENCE ON MOTION FOR SUMMARY JUDGMENT

Creditors Farmers & Merchants Savings Bank (the "Bank") and Internal Revenue Service (the "IRS") moved the Court to approve settlement of the Bank's objection to the IRS's untimely proofs of claim. Debtor objected to the compromise. The Court held a telephonic hearing on August 1, 2014. Eric Lam appeared on the Bank's behalf, and Joe Peiffer appeared on Debtors' behalf. Marty McLaughlin appeared on the IRS's behalf, and Michael Dunbar appeared as Chapter 7 Trustee. The parties agreed to forego oral arguments and confined their arguments to previously submitted briefs. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. 157(b)(2)(A).

### STATEMENT OF THE CASE

The Bank objected to two IRS proofs of claims as untimely filed and argued they should be disallowed. The Bank and the IRS later entered into a settlement agreement where the Bank would withdraw its objection to one of the untimely

proofs of claims, and the IRS would take a reduced amount from the bankruptcy estate. Debtors objected to the compromise on the basis that it would leave them with a large, nondischargeable post-petition obligation to the IRS. Debtors argue that if the IRS claims are allowed, there is sufficient money in the estate to pay most of the IRS claims and leave little post-petition tax obligations.

The Bank argues that Debtors do not have standing to assert their objection to the compromise. The Bank and the IRS conditioned their compromise on this Court's finding that Debtors do not have standing to object to the compromise or trustee's final report, which largely adopts the Bank's analysis. The Court concludes that Debtors do have standing to object. Therefore, the Court cannot approve the compromise.

## STATEMENT OF FACTS

Debtors are individuals who also own S&B Enterprises, a business located in Independence, Iowa. Debtors filed a voluntary Chapter 13 petition on April 24, 2012. The case was converted to Chapter 11 on November 16, 2012. The case was eventually converted to Chapter 7 on April 3, 2013. On April 9, 2013, the Bankruptcy Clerk of Court issued a Notice of Deadline for Filing Timely Claims. The noticed established July 10, 2013 as the proof of claim deadline.

The Bank has the largest unsecured claim in this case. The Bank filed its timely proof of claim on June 25, 2013. The IRS asserts a large unsecured priority

claim in two separate proofs of claim (and amendments). The IRS timely filed proof of claim #6 on July 26, 2012 for $25,567.11. The IRS amended that claim on December 14, 2012 and December 28, 2012, increasing its claim to $31,321.73.

On January 27, 2014, Chapter 7 Trustee filed his Final Report. That Report treated the timely IRS claims on file for purposes of distribution. Debtors objected to the Report, noting that the IRS debt was significantly more than the IRS claim amounts and amounts set out for distribution by the Trustee. In particular, the Debtors argued that the amounts Debtors listed in their schedules were the proper amount to be paid to the IRS from estate funds.[1] Debtors noted that without a correction to Trustee's proposed distribution to the IRS, Debtors would be left with a large nondischargeable tax debt. The Bank filed a response to Debtors' objection, arguing that Debtors had no standing or waived their right to object by not filing a claim for the IRS in those amounts.

The IRS, while these objections were pending, again amended its claim #6 on March 6, 2014, increasing the total claim to $40,138.60. This was the first time the IRS's claim included an amount relating to the § 6672 "responsible person" penalties. The IRS amended that claim a second time on March 10, 2014 ("Amended Proof #6"), to increase its total claim on proof of claim #6 to

---

[1] The amount Debtors listed included substantial "responsible person" tax debts under § 6672 arising from their business. These tax debts, called "responsible person taxes," are those taxes that the Debtors withheld from employee wages in their business but did not turn over to the IRS.

3

$104,552.29.  This figure included the civil penalties under 26 U.S.C. § 6672 "responsible person taxes" applicable from third quarter 2005 to first quarter 2007 and included 2011 income taxes.  Finally, the IRS filed an additional claim for 2012 income taxes totaling $16,268.40 on March 10, 2014 ("Proof #26").  The IRS claimed that Proof #26 was an administrative priority claim.

The Bank filed objections to Amended Proof #6 and Proof #26 based on untimeliness.  The Bank then filed a Motion for Summary Judgment on its objections.  Among other arguments, the Bank asserted Debtors lacked standing to object to the Trustee's Final Report or the Bank's objection to IRS claims.  Debtors argued that they had standing in their Objection to the Motion for Summary Judgment.

The IRS and the Bank subsequently agreed to a settlement of the Bank's claim objection (the "Compromise").  The Bank agreed to withdraw its objection and allow Proof #26 as a non-administrative priority claim.  The agreement further provided that the Bank would not withdraw its objection or agree to Amended Proof #6.  The Compromise between the Bank and the IRS is subject to the Court's approval and is expressly conditioned on the Court holding that Debtors do not have standing to object to the Trustee's Final Report or the Compromise.  The Bank contends that if the Court approves the Motion for Compromise, then there is

no need to address the Motion for Summary Judgment. Thus, Debtor's standing to object is the threshold issue.

## ANALYSIS

The Bank essentially makes two arguments in its Motion for Summary Judgment (which the Motion to Approve Compromise incorporates) about Debtors' lack of standing. First, the Bank argues that, as a matter of law, Debtors do not have a "pecuniary interest" in Trustee's asset distribution because this is a no-asset estate. In other words, Debtors have no standing because there will be no assets left over after distribution to creditors—and that means nothing left for the Debtors. Second, the Bank argues that even if Debtors had standing, they waived it by failing to file a proof of claim for the IRS under Bankruptcy Rule 3004. Each argument will be addressed in turn.

### I.  Debtors have a "pecuniary interest" in the outcome of this case, so they must have standing to object to the Motion for Compromise.

The Bank argues that Debtors have no standing to object to the Motion for Compromise, Motion for Summary Judgment, and Trustee's Final Report because this is a no-asset case. Debtors argue that they have standing to object. They acknowledge that they will receive no surplus assets from the bankruptcy estate after creditors are paid. They argue, however, that they have a pecuniary interest because if the IRS claims are not paid, then Debtors will have significant nondischargeable tax liabilities after the bankruptcy case's conclusion. Debtors

5

point out that their financial situation after bankruptcy will be severely impacted by the Compromise. They argue that this possible significant future debt is enough of a pecuniary interest to have standing to object.

Section 502(a) of the Bankruptcy Code allows any party in interest to object to a proof of claim. 11 U.S.C. § 502(a) (2013). "Typically, a Debtor has no standing to object to claims or orders relating to them because the debtor does not have a **pecuniary interest** in the distribution of the assets of the estate. This is because an objection to a proposed distribution only affects how much each creditor will receive and does not affect the debtor's rights." Keiffer v. Riske (In re Kieffer-Mickes, Inc.), 226 B.R. 204, 208–09 (B.A.P. 8th Cir. 1998) (citations omitted) (emphasis added); see also Cult Awareness Network, Inc. v. Beal (In re Cult Awareness Network, Inc.), 151 F.3d 605, 607 (7th Cir. 1992) ("Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are dispersed by the trustee, no assets will revert to the debtor."). The pecuniary interest requirement extends to Debtors' objections regarding proposed settlements. In re Rake, 363 B.R. 146, 151 (Bankr. D. Idaho 2007). It also extends to Debtors' objections to a Trustee's Final Report. Blodgett v. Stoebner (In re T.G. Morgan, Inc.), 394 B.R. 478, 483 (B.A.P. 8th Cir. 2008); In re Muldoon, No. 03-21332, 2009 WL 161657, *6 (Bankr. D. Kan. Jan. 23, 2009).

6

The Eighth Circuit Bankruptcy Appellate Panel has explained the rationale for the standing rule as follows:

> The question of standing generally challenges whether a party is the proper one to request an adjudication of a particular issue.
> . . . .
> The debtor's entitlement to notice of the hearing on the approval of settlement, does not, however, give the debtor standing to challenge the settlement or the bankruptcy court's order entered over his objection.  The Bankruptcy Code does not contain an explicit grant or limitation on . . . standing, yet many courts, including us, have looked to pre-code law to determine standing and have utilized the "person aggrieved" test.  To have standing . . . the person aggrieved test requires that the appellant must have been directly and adversely affected pecuniarily by the order.
> . . . .
> Debtors, particularly chapter 7 debtors, rarely have a pecuniary interest because how the estate's assets are disbursed by the trustee has no pecuniary effect on the debtor.  There is an established "exception" to that rule, which is not so much an exception as a careful application of the pecuniary interest requirement.  Occasionally, a trustee might be able to satisfy all allowed claims and have money left over.  This would entitle the debtor to a distribution of the balance under 11 U.S.C. § 726(a)(6).  If the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order.  Under this criterion, it is doubtful that the debtor in this case had any right to object to the bankruptcy court's approval of the settlement, much less a right to appeal such approval.

Nangle v. Surratt (In re Nangle), 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003) (citations omitted).  Under Nangle, the test is whether the debtor has a "pecuniary interest."  Id.  The B.A.P. ruled in Nangle that generally a debtor has no pecuniary interest and thus no standing.  Id.  However, Nangle specifically noted that the pecuniary interest test is satisfied if the trustee is "able to satisfy all allowed claims

7

and have money left over." Id. This money goes to the debtor, and thus there is a pecuniary interest.

A sufficient pecuniary interest, however, is not limited solely to situations where a debtor can show a surplus after payment of allowed claims. One such exception is where there is a surplus if the contested claims are disallowed. In re Kieffer-Mickes, 226 B.R. at 209. There is a pecuniary interest when debtor shows that there is property that may be the subject of an allowed exemption. See Wyatt v. Nowlin (In re Wyatt), 338 B.R. 76 (Bankr. W.D. Mo. 2006); In re Rake, 363 B.R. at 151. If, for example, the settlement would result in proceeds that may be exempt or partially exempt, then the debtor would have a pecuniary interest in the settlement. In re Rake, 363 B.R. at 151.

Courts generally have also found that debtor can also have a pecuniary interest where the claim involved will not be discharged. In re Zendeli, Bankr. No. 10-60669, 2012 WL 1565305, at *1 (Bankr. W.D. Mo. May 2, 2012); Menick v. Hoffman, 205 F.2d 365 (9th Cir. 1953) (specifically discussing tax claims); In re Cherne, 514 B.R. 616, 621 (Bankr. D. Idaho 2014); In re Lona, 393 B.R. 1, 4 (Bankr. N.D. Cal. 2008); Willard v. O'Neil (In re Willard), 240 B.R. 664, 668 (Bankr. D. Conn. 1999). As Judge Federman noted in his thoughtful opinion on this issue:

> To the extent that a nondischargeable claim is satisfied in some measure by a distribution, it is in the debtor's interest to maximize

> that distribution so that the debtor will be relieved from some or all of the claim of that creditor which would survive the bankruptcy case. . . . [T]he allowance or disallowance of a claim may, under certain circumstances, have an adverse effect on the debtor, regardless of whether the debtor stands to directly receive any funds from the estate. In such cases, the debtor has standing to object to such claims.

In re Zendeli, 2012 WL 1565305, at *1 (citing 4 Collier on Bankruptcy § 502.02[02][c] (Alan N. Resnick & Henry J. Somme reds., 16th ed.)).

The Bankruptcy Code provides that certain tax debts cannot be discharged in bankruptcy. 11 U.S.C. § 523(a)(1) (2014). Section 523(a)(1)(A) specifies that tax debts falling under § 507(a)(3) and (8) will not be discharged. Thus, these nondischargable taxes include income taxes and "trust fund taxes." Id. § 507(a)(3) & (8); see also In re Weiss, Bankr. No. 06-21677, 2013 WL 6726502, at * 3–*4 (Bankr. D. Kan. Dec. 19, 2013). Section 507(a)(8) gives priority to (1) income taxes due three years before filing the petition, and (2) "allowed unsecured claims of governmental units . . . for—(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(A) & (C). Section 507(a)(8)(C) includes § 6672 liabilities (the "responsible person" taxes). See In re Weiss, 2013 WL 6726502.

The nondischargeable tax debts under § 523(a)(1)(A) do not require the taxing authority to file a proof of claim. 11 U.S.C. §523(a)(1)(A) (explaining that a tax debt is nondischargeable "whether or not a claim for such tax was filed or

9

allowed"). Thus, the tax claims under those priority sections remain for Debtors to deal with regardless of whether the IRS filed a timely proof of claim.

Here, the IRS filed proofs of claim based on unpaid income taxes and § 6672 "responsible person" liabilities. Both claims are nondischargeable under § 523(a)(1) and will be Debtors' responsibility if not paid in the bankruptcy. This gives Debtors a pecuniary interest in the disputes before the Court. Thus, Debtors have standing to object to the Motion to Compromise, the Motion for Summary Judgment, and the Trustee's Final Report.

**II.    Debtors did not waive their standing by failing to file on the IRS's behalf.**

The Bank's next argument alleges that even if Debtors had standing, they waived their standing by failing to file a proof of claim on the IRS's behalf. The Federal Rules of Bankruptcy Procedure allow a debtor to file a proof of claim on behalf of a creditor if that creditor fails to timely file a proof of claim. Fed. R. Bankr. P. 3004. "Congress recognized the possibility that creditors with non-dischargeable debts might not file proofs of claim and thus subject debtor to undiminished post-bankruptcy liabilities. To guard against the possibility, Congress expressly allowed the debtor to file a proof of claim on behalf of a creditor if such creditor did not timely file a proof of such claim." In re Higgins, 29 B.R. 196, 199–200 (Bankr. N.D. Iowa 1983) (citation omitted).

However, the debtor is not obligated to file a proof of claim on a creditor's behalf.  Fed. R. Bankr. P. 3004 ("If a creditor does not timely file a proof of claim . . . the debtor or trustee **may** file a proof of the claim within 30 days after the expiration of the time for filing." (emphasis added)); see also 3 Bankruptcy Desk Guide § 22:49.  "The drafters chose 'may' rather than 'must' to avoid any implication that a debtor *must* file a proof of claim on behalf of a creditor.  'May file within . . .' means that the person need not file, but must act within the time specified if he elects to file."  In re Danielson, 981 F.2d 296, 298 (7th Cir. 1992), abrogated on other grounds by Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993).

Here, the IRS filed a proof of claim on July 26, 2013, which was 16 days after the final deadline to file proofs of claim.  It is true that Debtors could have filed a proof of claim on the IRS's behalf.  It may have avoided significant confusion in this case.  However, Debtors were not required to do so, and failing to do so does not waive their standing.

In addition, the IRS filed its proof of claim within the 30-day window where debtors are allowed to file proofs of claim for creditors.  Fed. R. Bankr. P. 3004. Therefore, even if Debtors had planned to file on the IRS's behalf, they likely believed that they no longer needed to after the IRS filed its proof of claim.

11

The Bank also makes a brief argument regarding 11 U.S.C. § 726(a)(1)(A), claiming that failing to file within ten days of the final trustee report also waives Debtors' standing. However, this argument lacks merit. The Bank cites no authority to support its contention. Section 726(a)(1)(A) refers only to distribution order, and does not address standing issues or requirements for filing objections.

## CONCLUSION

The Court finds that Debtors have a pecuniary interest in the resolution of the matters before the Court, and thus they have standing to object to the Bank's Motion to Approve Compromise, Motion for Summary Judgment, and Trustee's Final Report. Because the Motion for Compromise is specifically conditioned on the Court's finding that Debtors do not have standing to object, the Court must deny the Motion to Compromise.[2]

**WHEREFORE**, Motion to Approve Compromise is DENIED.

**FURTHER**, Farmers & Merchants Savings Bank's Motion for Summary Judgment is set for a status conference on

**March 13, 2015 at 3:15 p.m.**

---

[2] The Court understands that the limited issue of whether the Debtors have standing to object is the only issue currently before it. The Court notes that unlike other cases where Courts were asked to assess the reasonableness of the settlement, in addition to the standing issue, this case is limited to standing. The result my have been different if the question of reasonableness had been presented. See Nangle v. Surratt (In re Nangle), 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003).

by telephone conference call. Attorney for Farmers & Merchants Savings Bank is to initiate the telephone call. This hearing will be digitally recorded.

Dated and Entered:

March 9, 2015

_____
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**